## AS TO THE RIGHT OF MATERIAL MEN TO RECOVER FROM SURETIES ON THE CONTRACTOR'S BOND.

Circuit Court of Cuyahoga County.

THE CLEVELAND METAL ROOFING & CEILING COMPANY v.
NICK J. GASPARD ET AL.

Decided, November 27, 1911.

*Contractor's Bond Given Owner—Material-Man Can Not Sue Thereon.*

A material-man who furnishes material to a contractor which goes into the construction of a building, for the construction of which the contractor has given bond to the owner, conditioned also to "pay, or cause to be paid, all claims contracted in reference thereto for material and labor," can not maintain an action for the value of the material so furnished against the sureties on the bond to the owner, it appearing that at the time said bond was given the claim of the material-man had not been created and that he did not know of the existence of the bond, or rely upon it when he furnished the material.

*F. C. Hartman,* for plaintiff in error.
*Pomerene & Karch,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

The question in this case is whether a demurrer to the roofing company's petition was properly sustained.

It recites that the roofing company furnished material to the defendant, Nick Gaspard, a building contractor, who had given bond to the owner conditioned for the completion of the work under the contract, and that the contractor would "pay, or cause to be paid, all claims contracted in reference thereto for material and labor."

The petition alleges the terms of the contract and bond, that the plaintiff's claim accrued under the contract and had not been paid, and asks judgment against the obligors on the bond.

The defendant sureties on the bond filed the demurrer in question.

It fairly appears from the petition that at the time the bond was executed and delivered to the owner, the claim of plaintiff

had not been created; it arose afterward in the progress of the execution of the contract; and there is no allegation that plaintiff knew of the existence of the bond and relied upon it when it furnished material to the contractor.

The plaintiff claims a right to recover against the sureties under the rule of law expressed in the case of *Emmitt* v. *Brophy*, 42 Ohio State, 82, and cases there cited, to the effect that in Ohio an agreement made on a valid consideration by one person with another, to pay money to a third, can be enforced by the latter in his own name.

This general rule, however, has its limitations, as shown by Judge Spear in the case of *Railroad Co.* v. *Bank*, 54 Ohio State, 60. After explaining the Emmitt case and showing that in it the claim of the third person was well known to all the parties, reduced to judgment and a lien on the property conveyed under Emmitt's obligation to pay off and liquidate all claims and demands against it, the learned judge, on page 69, observes:

"No one of the cases cited carries the doctrine farther than the foregoing. In no one of them is it held that a right to sue in a stranger can be raised by mere implication. Nowhere is it held that the obligation will attach in favor of future creditors not named and not known, and as to amounts not specified or then ascertainable, to the extent of giving to such creditors a right of action on the contract."

Clearly the roofing company is one of "such creditors" and has no right of action on the bond. The bond sued on in the case of *American Surety Co.* v. *Reader*, 15 C. C., 47, contained the following covenant:

"We hereby agreeing and consenting that this undertaking shall be for the use of any laborer or material-man having a just claim as aforesaid, as well as for said board of education"; (to whom the bond read).

This express agreement was enforced against the surety company; there is no language of similar import in the bond here under consideration, and the case last cited is, for that reason, inapplicable.

Judgment affirmed.